# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edward M.,**
**Petitioner Below, Petitioner**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0195** (Berkeley County 11-C-373)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Edward M.[1], by counsel Christopher J. Prezioso, appeals the order of the Circuit Court of Berkeley County, entered January 30, 2014, denying his post-conviction habeas corpus petition. Respondent David Ballard, by counsel Christopher C. Quasebarth, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 15, 2007, a Berkeley County grand jury returned a thirteen count indictment indicting petitioner for the offense of sexual assault in the first degree in violation of West Virginia Code § 61-8B-3(a)(2), in counts one, five, and nine; sexual abuse in the first degree in violation of West Virginia Code § 61-8B-7(a)(3), in counts two, six, and twelve; incest in violation of West Virginia Code § 61-8-12, in counts four, eight, and eleven; and sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5(a), in counts three, seven, ten, and thirteen. The indictment named two minor victims, A.H. (counts one through eleven) and S.M (counts twelve and thirteen). A.H. is petitioner's granddaughter through marriage; S.M. is also petitioner's granddaughter, but was adopted by petitioner and his wife.

Petitioner's trial was held from September 12 to September 14, 2007. S.M. did not testify. A.H. testified that she lived with petitioner and her grandmother until she was about seven or eight years old. On three separate occasions, when A.H. was eight or nine years old, petitioner rubbed his member against her genitals while they were alone in petitioner's home. A.H. also testified that petitioner fondled and licked her genitals. The jury also heard evidence

---

[1] Consistent with our practice in cases involving sensitive matters, we use initials to protect the identity of the child victims in this case. *See* W.Va. R.A.P. 40(e)(1); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

admitted under Rule 404(b) from M.H. (A.H. and S.M.'s mother) and M.W. (A.H.'s cousin). M.H. testified that petitioner raped her several years earlier after a pool party, and M.W. testified that she witnessed petitioner fondling her cousin, A.A., a fourteen year old girl. M.W. also testified that petitioner admitted to her that he had previously had sex with A.A. on three occasions while A.A. was underage.

Petitioner asserted a defense of falsified testimony at trial. Petitioner alleged through counsel that he met his wife, L.M. at a VA hospital, and that L.M. invented the charges as part of a scheme to gain possession of petitioner's home, which she lived in at the time of trial with many of her family members. At the close of the State's case, petitioner moved for judgment of acquittal, and the State dismissed counts twelve and thirteen of the indictment for insufficient evidence. The trial court denied petitioner's motion on the remaining counts. The jury returned a verdict of guilty on two counts of sexual assault in the first degree; two counts of sexual abuse in the first degree; two counts of incest; and three counts of sexual abuse by a parent, guardian, or custodian.

Petitioner filed a motion for post-verdict judgment of acquittal, a motion for a new trial, and a Notice of Intent to Appeal, alleging only insufficiency of evidence. The trial court denied those motions and sentenced petitioner to an indeterminate term of fifteen to thirty-five years in the penitentiary for his convictions of sexual assault in the first degree in counts one, five and nine; an indeterminate term of ten to twenty years in the penitentiary for his convictions of sexual abuse by a parent guardian or custodian in counts three seven and ten; an indeterminate term of five to fifteen years in the penitentiary for his convictions of incest in counts four, eight and eleven. The trial court ordered the sentences on counts one to four to run concurrently, counts five to eight to run concurrently with each other, but to run consecutively to the first four counts, and count ten to run consecutively to all others, for a total effective sentence of forty to ninety years.

Petitioner timely appealed. This Court refused petitioner's direct appeal on November 5, 2008. Petitioner then filed a petition for writ of habeas corpus in the Circuit Court of Berkeley County on February 29, 2012. By order entered January 30, 2014, the circuit court denied petitioner's habeas petition without a hearing. Finding petitioner was entitled to no relief, the court held petitioner either waived his right to a habeas hearing on a number of the grounds, or did not plead the facts with enough specificity to require a hearing. Citing *Losh v. McKenzie*, 166 W.Va. 762, 771, 277 S.E.2d 606, 612 (1981), the circuit court found, "A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." Petitioner now appeals the January 30, 2014, order denying his habeas relief.

Petitioner raises several assignments of error on appeal. This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion

2

standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review."

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner asserts the circuit court abused its discretion in denying his habeas petition on the following grounds: (1) the circuit court denied petitioner's habeas petition without conducting an evidentiary hearing; (2) petitioner received ineffective assistance of counsel; (3) the State presented insufficient evidence to sustain a conviction; (4) the trial court allowed improper 404(b) evidence to be admitted at trial over the objection of petitioner; (5) petitioner's sentence violates the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution; (6) petitioner may have been incompetent to stand trial for mental health reasons; and (7) petitioner's conviction was based on false testimony.

We deny the relief requested in a habeas petition if the record demonstrates that the petitioner is entitled to no relief.

> If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought.

W.Va. Code § 53-4A-7(a), in relevant part.

Petitioner primarily contends that the circuit court erred by denying his habeas petition without a hearing. After careful consideration of the record and the parties' arguments, this Court finds that the circuit court did not err in denying habeas relief to petitioner.

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."

Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Petitioner also alleges that the circuit court erred in denying his habeas petition because petitioner's trial counsel was ineffective. Claims of ineffective assistance of counsel are governed by the two-prong test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct.

3

2052, 80 L.Ed.2d 674 (1984), which was adopted by this Court in Syllabus Point 5 of *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995).

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

"In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland/Miller* standard, but may dispose of such claims based solely on a petitioner's failure to meet either prong of the test." *State ex rel Daniel v. Legursky*, 195 W.Va. 314, 321, 465 S.E.2d 416, 423 (1995).

In support of his assertion, petitioner claims that his trial counsel (1) made representations guaranteeing an acquittal in his case, yet (2) failed to adequately investigate the matter, (3) made an inappropriate and prejudicial comments during opening statement, (4) did not object to leading questions asked by the State during its examination of A.H. and Trooper Boober, a West Virginia State Trooper who testified on behalf of the State, and (5) presented no evidence on defendant's behalf during his case in chief.

Petitioner alleges that he relied upon counsel's guarantees of acquittal to his detriment. Petitioner asserts that if his counsel had not promised him an acquittal, he would have encouraged his counsel to seek out a plea agreement rather than take the case to trial.

We first note there is no absolute right under either the West Virginia or the United States Constitutions to a plea bargain. *See Myers v. Frazier*, 173 W.Va. 658, 664 n.5, 319 S.E.2d 782, 788 n.5 (1984). (A defendant has "no constitutional right to have his case disposed of by way of a plea bargain.") (Citations omitted.) Even if petitioner's counsel guaranteed an acquittal, under *Strickland* petitioner has failed to sufficiently prove how the outcome of his case would have been different but for his counsel's actions. There is nothing in the record to support that the State of West Virginia was inclined to make a plea offer, or that the State made a plea offer which petitioner failed to accept due to his counsel's representations.

Further, in his brief on appeal petitioner fails to identify what witnesses should have been called at trial that were not called, what evidence should have been presented, or what a thorough investigation would reveal, or how this evidence could have changed the outcome of his trial. To this end, the circuit court found that petitioner's claim lacks the required specificity under West Virginia Code § 53-4A-7 to necessitate a hearing. We agree.

The circuit court found that petitioner's remaining claims of ineffective counsel lacked the specificity required under West Virginia Code § 53-4A-7, and did not meet the required burden under *Strickland*. Those remaining claims are that petitioner's trial counsel failed to adequately investigate the matter, made an inappropriate and prejudicial comments during

opening statement, and did not object to leading questions asked by the State during its examination of two State witnesses.

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pt. 6, *Miller*, 194 W.Va. at 6-7, 459 S.E.2d at 117-18.

Petitioner does not demonstrate that his counsel's remarks at trial were unreasonable, failed to identify what other evidence he would present at trial, chose not to take the stand on his own behalf, and failed to identify what evidence he would present to undermine the testimony of the victim A.H. Therefore, we decline to second-guess the strategic decisions of petitioner's trial counsel and find the circuit court did not err in denying the petition on this ground.

Petitioner's second and seventh assignments of error address the sufficiency of evidence. Petitioner asserts that the circuit court erred in finding that the State presented sufficient evidence to convict him, and that his convictions were based upon false testimony.

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

We find these claims to be without merit. The primary evidence presented at trial was the unrebutted testimony of the victim, A.H. She plainly described three different sexual acts forced upon her by petitioner when she was seven, eight, or nine years old, and while he was the adult in whose care she was entrusted. The circuit court found that A.H.'s testimony was significantly consistent for a child and that the jury could make a determination of her credibility. The jurors had the opportunity to view the live testimony of the State's witnesses, and to assess their credibility, and clearly believed the testimony of the witnesses. Accordingly, petitioner failed to overcome his burden on this ground. Thus, viewed in the light most favorable to the prosecution and crediting all inferences that the jury may have drawn in favor of the prosecution, the circuit court found that there was sufficient evidence for a jury to find petitioner guilty of the nine offenses with which he was convicted. We agree.

Petitioner's third assignment of error alleges that the trial court erred by admitting improper 404(b) evidence at trial. This matter was properly raised in petitioner's direct appeal, which this Court refused. However, the circuit court found that the trial court did not err in making its finding by a preponderance of the evidence that the acts occurred and that petitioner committed them. We agree. Accordingly, we do not find that the circuit court erred, or that the trial court abused its discretion by allowing the 404(b) evidence at trial. Therefore, we find no error in the circuit court's denial of the petition on this ground.

Next, petitioner alleges that his sentence violates the United States Constitution and the Constitution of the State of West Virginia because it is excessively long and violates his constitutional right to be free from excessive and cruel punishment. Petitioner concedes that the sentence imposed by the trial court is within the statutory limits, but claims that his sentence is grossly disproportionate to his crimes in violation of the Eighth Amendment of the United States Constitution. We find this claim to be without merit. "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

Here, petitioner was convicted of crimes that each have a fixed maximum sentence, and petitioner's sentence falls within those proscribed statutory limits. Moreover, the trial court did not abuse its discretion by directing certain statutory sentences to run consecutively. West Virginia Code § 61-11-21 provides,

> When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.

Accordingly, the circuit court did not err in finding petitioner's argument had no merit.

Petitioner also claims that the circuit court erred by denying his petition because he may have been incompetent to stand trial for mental health reasons. Speculating that he was suffering mentally during the trial, petitioner alleges that he was "in shock from being prosecuted for a crime he did not commit."

"A circuit court may 'summarily deny unsupported claims that are randomly selected from the list of grounds' found in the *Losh* opinion. 166 W.Va. at 771, 277 S.E.2d at 612." *Markley v. Coleman*, 215 W.Va. 729, 733, 601 S.E.2d 49, 53 (2004). Petitioner provides no evidence in support of this claim and concedes in his brief on appeal that it does not appear from the record that petitioner's trial counsel nor the Court asked for an evaluation of petitioner's competency. Petitioner did not supplement his brief with a psychological evaluation or any evidence that would tend to indicate that petitioner was incompetent to stand trial, nor does the record reflect any behavior on petitioner's behalf which would necessitate an evaluation. Noting that the habeas petition was the first time petitioner raised this issue, the circuit court found

6

petitioner provided no factual basis for the allegation that he was incompetent to stand trial. We agree and find no error in the circuit court's denial of that claim.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

7